## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW B. MICHAELS, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 13-1128 |
| ) | |
| CITY OF MCPHERSON, KANSAS, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

Before the court is defendant's motion in limine (Doc. 108). Plaintiff filed a response (Doc. 110) and the court is prepared to rule.

The court cautions the parties that nothing in this order will preclude the admissibility of excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature ... should await development of the trial itself."). By the same taken, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

**I. Motion in limine (Doc. 108).**

Defendant seeks to exclude the following items of evidence from the trial.

1. Evidence (and arguments, et cet.) about liability insurance. Plaintiff agrees such evidence should be excluded; the request is granted.

2. Evidence about settlement negotiations. Plaintiff again

agrees; the request is granted.

3. <u>Opinion testimony regarding any other person's subjective motives, beliefs, or intent</u>. Defendant objects in particular to opinions by plaintiff's designated law enforcement expert, Mickey DeHook, that Chief McClarty was "out to get rid of [plaintiff]" and "wanted to get rid of [plaintiff," and "[s]o anything and everything he could put together to get rid of him, he was going to do it." Doc. 108 at 3. In response, plaintiff points to an alleged comment by McClarty asking "why is this guy [plaintiff] still a cop?". Plaintiff argues there is a factual dispute about McClarty's motives for terminating plaintiff and says DeHook's opinion is not speculative and should be allowed. Doc. 110 at 5.

Plaintiff's argument is not persuasive. DeHook's opinions about McClarty's motives and whether he "wanted to get rid of" plaintiff are entirely speculative. Plaintiff shows no connection between DeHook's asserted expertise and his ability to divine McClarty's true motives. Nor are such opinions helpful to a jury. <u>See</u> Fed. R. Evid. 702(a) (expert testimony admissible if it will help the jury understand the evidence or determine a fact in issue). The motion is granted with respect to the opinions cited.

4. <u>DeHook's opinion that plaintiff did not engage in conduct unbecoming an officer</u>. This issue relates to Michael's comments about having to attend a 911 training session. Plaintiff had requested leave to miss the session so he could drive his daughter to Kansas City for medical tests. The test -- a "sleep-deprived EEG" -- required that plaintiff's daughter sleep only between midnight and 4 a.m. on the night before the test. Plaintiff's request for leave was denied by

-2-

McClarty, however, so plaintiff and his wife planned to drive their family to Kansas City immediately at 8 p.m., at the end of the scheduled training session, so they could comply with the required sleep regimen. Plaintiff's wife and children were loaded up in the car ready to go at 8 p.m. but the training session ran several hours late. Plaintiff told a supervisor that he was supposed to be released but was told the training wasn't over. At some point during a break plaintiff heatedly complained to the county 911 director, whom plaintiff considered a friend, about having to be there (i.e., "this is fucking bullshit that I have to be here"). Plaintiff was finally able to drive his family to Kansas City at about 11 p.m. that evening. The 911 Director subsequently informed a member of the department about plaintiff's complaint. Chief McClarty cited the episode as "conduct unbecoming an officer" and listed it as one of the reasons for plaintiff's termination. Plaintiff's police expert DeHook recounts the circumstances of the incident. He emphasizes the facts from plaintiff's point of view and opines that the conduct-unbecoming charge is "unfounded."

Defendant argues that DeHook's opinion would not be helpful to the jury and is based entirely on personal opinion. The court agrees. Rule 702 requires a district court to satisfy itself that the proposed expert testimony will assist the trier of fact. United States v. Archuleta, 737 F.3d 1287, 1296 (10th Cir. 2013). In making that determination, the court looks to whether the testimony is relevant, whether it is within a juror's common knowledge and experience, and whether it usurps the juror's role of evaluating a witness's credibility. Archuleta, 737 F.3d at  The circumstances of this episode

and the nature of the accusation against plaintiff are all clearly understandable by lay persons. Plaintiff cites nothing to show there are established standards for "conduct unbecoming an officer" that require expert explanation, nor does he show that DeHook relied on any such standards. DeHook's opinion on this matter would not be helpful to a jury.

4. <u>Expert testimony that plaintiff was not insubordinate</u>. Defendant also seeks to exclude DeHook's opinion that plaintiff was not insubordinate, arguing the opinion does nothing more than vouch for plaintiff's credibility and would not help the jury. In response, plaintiff gives an extensive recitation of the facts and offers a plausible argument as to why plaintiff's conduct should not be considered insubordinate. The argument does not mention DeHook's opinion except to say that it should be admitted. (Doc. 110 at 10-12). In doing so, plaintiff proves defendant's point -- namely, that DeHook's asserted opinion (including: "The fact that Mr. Michaels apologized shows character on his part") is not necessary or helpful to a lay person's understanding of the issue. The motion to exclude the opinion is granted. <u>Cf</u>. <u>United States v. Hill</u>, 749 F.3d 1250, 1261 (10th Cir. 2014) (the credibility of witnesses is generally not an appropriate subject for expert testimony).

5. <u>DeHook's opinion that plaintiff was not argumentative</u>. The same considerations require exclusion of any opinion by DeHook that plaintiff was not argumentative with superiors. DeHook's apparent opinion is that plaintiff's conduct was not argumentative because plaintiff was merely questioning police procedures he did not understand. Any lay person on the jury (including any parent) will be

-4-

fully capable of understanding what it means to be argumentative. DeHook's opinion, which largely consists of a recitation of the facts in a light most favorable to plaintiff, would add nothing to the jury's understanding. Plaintiff can explain why he did what he did, McClarty can explain his assertion that it was argumentative, and the jury can determine whether the City's action was appropriate under the legal standards in the court's instructions.

    6. <u>DeHook's opinion that plaintiff's discipline for sleeping on duty was wrongfully presented to the City and to the Kansas Commission on Peace Officers and Training (KS-CPOST)</u>. DeHook opines it was improper for McClarty to cite plaintiff's discipline for sleeping on the job because that conduct occurred under a prior chief and it resulted from a medical condition that was resolved by plaintiff's treatment for sleep apnea.

Plaintiff's recitation of the facts and arguments surrounding this issue again show that no expert testimony is necessary or helpful for a jury's understanding of the matter. As plaintiff points out, Judge Murguia succinctly observed in his summary judgment order that after plaintiff was diagnosed and treated for sleep apnea, he had no further [sleeping] incidents, and so "it is unclear why McClarty listed that plaintiff fell asleep on duty as a reason for his termination." Judge Murguia thus found "a jury could reasonably infer a causal connection between plaintiff's termination and his disability...." (Doc. 70 at 15). DeHook's personal opinion that plaintiff's past episodes of sleeping should not have been considered adds nothing to an understanding of the claim.

    7. <u>DeHook's opinion that the information in plaintiff's KS-CPOST</u>

-5-

<u>Notice of Termination will prevent him from obtaining future employment in law enforcement</u>. Defendant argues DeHook's opinion amounts to speculation because he does not know how many Kansas law enforcement agencies actually check CPOST before hiring officers. But DeHook's testimony showed that he has prior experience in hiring law enforcement officers in Kansas, that he was familiar with CPOST, that he believed a majority of agencies used CPOST in hiring, and that he knows from experience it is standard practice to conduct a thorough check on law enforcement applicants. He opined that the negative comments in plaintiff's CPOST listing would prevent plaintiff from obtaining future employment as a law enforcement officer in Kansas. Although defendant points to certain weaknesses in DeHook's opinion, the opinion does not, as defendant suggests, "lack any basis" or rely merely on speculation. Moreover, jurors will not likely be familiar with CPOST or its use by law enforcement agencies, and the testimony may be helpful in that regard. Defendant's motion to exclude this opinion will be denied.[1]

**II. Conclusion.**

Defendant's motion in limine (Doc. 108) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this 25th day of September 2014, at Wichita, Kansas.

---

[1] Defendant has not specifically challenged DeHook's accompanying opinion that plaintiff's notice of termination "contains misrepresentations, omissions or falsification about the reasons for the termination." In the interest of giving fair warning, however, the court notes that this asserted expert opinion appears to suffer from some of the same shortcomings previously listed -- including its implied assessment of witness credibility -- that are properly left to the jury to decide.

s/Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE